2013R00061/SUE/BSW/JA

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Shipp, U.S.D.J. |
| v. | : | Crim. No. 14-542 (MAS) |
| FRANK TAMAYO, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | : | (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about September 19, 2014, defendant FRANK TAMAYO pleaded guilty pursuant to a plea agreement with the United States to a three-count Information, which charged him with conspiracy to commit securities fraud and tender offer fraud, in violation of 18 U.S.C. § 371; securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5; and tender offer fraud, in violation of 15 U.S.C. §§ 78n(e) and 78ff, 17 C.F.R. § 240.14e-3(a);

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of an offense constituting specified unlawful activity, as defined in 18 U.S.C. § 1956(c)(7) (incorporating 18 U.S.C. § 1961(A) by reference), to wit, fraud in the sale of securities, or a conspiracy to commit such an offense, as alleged in Counts One, Two and Three of the Information, shall forfeit to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud and conspiracy offenses charged in the Information;

WHEREAS, the property subject to forfeiture by defendant FRANK TAMAYO includes a sum of money equal to $1,056,969.69, representing the amount of proceeds traceable to the conspiracy to commit securities fraud and tender offer fraud, securities fraud, and tender offer fraud offenses to which the defendant has agreed to plead guilty, which are offenses constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), and all specific property traceable to such offenses;

WHEREAS, in the plea agreement, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant consented to the imposition of a criminal forfeiture money judgment in an amount representing the proceeds of the offenses to which the defendant agreed to plead guilty, which the Government and the defendant now stipulate is $1,056,969.69 (the "Money Judgment") (provided, however, that the amount of the Money Judgment to be imposed upon the defendant at sentencing will be reduced by the amount of any money FRANK TAMAYO has disgorged, surrendered or paid to United States Securities and Exchange Commission ("SEC") prior to the date of sentencing in connection with any civil enforcement proceeding brought by the SEC in connection with the scheme described in the Information);

WHEREAS, in the plea agreement, the defendant further agreed to forfeit to the United States all of the defendant's right, title, and interest in the following specific property, which the defendant admits has the requisite nexus to the offenses to which the defendant has agreed to plead guilty, with any forfeited

money and the net proceeds derived from the sale of the forfeited specific property to be applied to the Money Judgment, in partial satisfaction thereof:

(a) The contents of Morgan Stanley Trading Account number ████████3-358, held in the name of FRANK TAMAYO, which were seized on or about March 19, 2014; and

(b) The contents of Morgan Stanley Smith Barney, LLC Trading Account number ████████4-358, held in the name of FRANK TAMAYO and Frances Tamayo JT TEN, which were seized on or about March 19, 2014, and

(c) One 2008 Audi Q7 automobile bearing Vehicle Identification Number ████████7131, which was surrendered to the Federal Bureau of Investigation on or about December 12, 2013 and seized on or about March 19, 2014 (the "2008 Audi");

WHEREAS, on or about July 17, 2014, the 2008 Audi was administratively forfeited by the Federal Bureau of Investigation;

WHEREAS, in the plea agreement, the defendant further consented to the entry of Preliminary Orders of Forfeiture as to the forfeited specific property pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and Interlocutory Orders of Sale pursuant to Rule 32.2(b)(7);

WHEREAS, pursuant to the plea agreement, Rule 32.2(b)(2)(A) of the Federal Rules of Criminal Procedure, and based on the foregoing, all right, title, and interest of the defendant in the following specific property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c):

(a) The contents of Morgan Stanley Trading Account number ████████3-358, held in the name of FRANK TAMAYO, which were seized on or about March 19, 2014; and

(b) The contents of Morgan Stanley Smith Barney, LLC Trading Account number ████████4-358, held in the name of

FRANK TAMAYO and Frances Tamayo JT TEN, which were seized on or about March 19, 2014,

(hereinafter, the "Specific Property");

WHEREAS, the provisions of 21 U.S.C. § 853(n) and Fed, R. Crim. P. 32.2(b)(6) require publication and notice to third parties known to have alleged an interest in Specific Property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture, including a preliminary order of forfeiture consisting of a money judgment, may become final at any time before sentencing if the defendant consents;

WHEREAS, defendant FRANK TAMAYO:

(1) Consents to the forfeiture to the United States of $1,056,969.69 as a sum of money representing the proceeds of the offenses charged in the Information, to which the defendant has pleaded guilty (the "Money Judgment");

(2) Agrees that this Order is final as to the Money Judgment portion of this Order at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Agrees to consent promptly upon request to the entry of any Orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4) Agrees promptly to pay the Money Judgment in full;

(5) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(7) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, as a result of the offense charged in the Information, to which the defendant FRANK TAMAYO has pleaded guilty, the defendant shall forfeit to the United States the sum of $1,056,969.69. A money judgment in the amount of

$1,056,969.69 (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b) (provided, however, that the amount of the Money Judgment will be reduced by the amount of any money FRANK TAMAYO has disgorged, surrendered or paid to United States Securities and Exchange Commission ("SEC") prior to the date of sentencing in connection with any civil enforcement proceeding brought by the SEC in connection with the scheme described in the Information).

IT IS FURTHER ORDERED that, the defendant having given his consent pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), upon entry of this Consent Judgment and Order of Forfeiture, this Order is final as to the Money Judgment portion of this Order at the time of entry, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that all payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

IT IS FURTHER ORDERED that, pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit all payments on the Money

Judgment in the Asset Forfeiture Fund, and the United States shall have clear title to such forfeited property.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

IT IS FURTHER ORDERED all of the defendant's right, title and interest in the following Specific Property is hereby forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

(a) The contents of Morgan Stanley Trading Account number █████3-358, held in the name of FRANK TAMAYO, which were seized on or about March 19, 2014; and

(b) The contents of Morgan Stanley Smith Barney, LLC Trading Account number █████4-358, held in the name of FRANK TAMAYO and Frances Tamayo JT TEN, which were seized on or about March 19, 2014,

(hereinafter, the "Specific Property");

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant FRANK TAMAYO, shall be made part of the sentence of defendant FRANK TAMAYO, and shall be included in the judgment of conviction therewith.

IT IS FURTHER ORDERED that pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service ("USMS") is

hereby authorized to take possession of the Specific Property and hold such property in its secure custody and control;

IT IS FURTHER ORDERED that any forfeited money (including, but not limited to, the Specific Property) and the net proceeds derived from the sale of forfeited property (including, but not limited to, the 2008 Audi) will be applied to the Money Judgment until the Money Judgment is satisfied in full,

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

1. The notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioners alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioners right, title or interest in the Specific Property, the time and circumstances of the petitioners acquisition of the right, title and interest in the

Specific Property, any additional facts supporting the petitioners claim, and the relief sought.  *See* Fed R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2), (3).

2.  Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3.  Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2), in which all interests will be addressed.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 29th day of October, 2014.

                                                      */s/ Michael A. Shipp*
                                              HONORABLE MICHAEL A. SHIPP
                                              United States District Judge

The undersigned hereby consent to
the entry and form of this order:

PAUL J. FISHMAN
United States Attorney

_____     Dated: October 20, 2014
By: SHIRLEY U. EMEHELU
    BARBARA A. WARD
    Assistant United States Attorneys


_____     Dated: October 20, 2014
A. ROSS PEARLSON, ESQ.
MATTHEW E. BECK, ESQ.
Attorneys for Defendant FRANK TAMAYO


_____     Dated: October 20, 2014
FRANK TAMAYO, Defendant